**JEWISH WAR VETERANS OF THE UNITED STATES OF AMERICA, et al., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. A. No. 87–1561.**

United States District Court, District of Columbia.

Oct. 23, 1987.

See also 695 F.Supp. 3.

Stanley N. Tashoff, Gaithersburg, Md., Ronald J. Koerner, Brooklyn, N.Y., for plaintiffs.

Frederick M. Morgan, Jr., Elisa B. Vela, U.S. Dept. of Justice, Washington, D.C., for defendants.

MEMORANDUM ORDER

JOHN H. PRATT, District Judge.

At issue in this case is the constitutional propriety of the placement of a memorial, constructed in the shape of a Latin cross, at Camp H. M. Smith, a Marine base in Honolulu, Hawaii. This action is brought by the Jewish War Veterans of the United States of America, whose principal office is located in the District of Columbia, and Maxwell Feurman, a member of the plaintiff organization who resides in Hawaii ("plaintiffs"). The plaintiffs contend that the Establishment Clause of the First Amendment prohibits the defendants[1] from erecting, maintaining and displaying the memorial on federal property.

Presently before the court is defendants' motion to dismiss this action, pursuant to Rule 12(b)(3) of the Federal Rules of Civil

---

1. Defendants are the Commandant of the United States Marine Corps, the Secretary of the Navy, and the United States.

Procedure, for lack of proper venue. Fed. R.Civ.P. 12(b)(3). The parties agree that the governing statutory venue provision is 28 U.S.C. § 1391(e), which provides in pertinent part as follows:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e) (1982).

Plaintiffs need only satisfy one of the four conditions enumerated in section 1391(e) in order to establish proper venue. Because we conclude that this action is properly venued in the District of Columbia by virtue of section 1391(e)(4), we have no occasion to consider alternative bases of venue.[2]

■ The crux of defendants' challenge to venue of this case in the District of Columbia turns not on whether plaintiff organization is a resident of the District, which it undoubtedly is,[3] but rather on whether "real property is involved in the action" so as to preclude plaintiffs from invoking section 1391(e)(4). In considering this issue, the court must not view section 1391(e) "simply as a text to be parsed ... without adequately considering the history of the statute and the evil it was designed to cure." *Natural Resources Defense Council, Inc. v. Tennessee Valley Authority*, 459 F.2d 255, 257 (2d Cir.1972).

The courts have recognized that Congress added section 1391(e) to the venue statute in 1962[4] in order to expand the choice of venue available in civil actions. *See Schlanger v. Seamans*, 401 U.S. 487, 490 n. 4, 91 S.Ct. 995, 997–98 n. 4, 28 L.Ed.2d 251 (1971); *Santa Fe Internat'l Corp. v. Watt*, 580 F.Supp. 27, 29 (D.Del. 1984). Section 1391(e)(4) broadened that choice to include a plaintiff's place of residence, but simultaneously limited this option to situations in which "no real property is involved in the action." 28 U.S.C. § 1391(e)(4). Congress imposed this limitation out of concern that essentially local disputes affecting local land interests should be resolved by local judges. As Congress observed:

> Frequently, these proceedings involve problems which are recurrent but peculiar to certain areas, such as water rights, grazing land permits, and mineral rights. These are problems with which judges in those areas are familiar and which they can handle expeditiously and intelligently.

S.Rep. No. 1992, 87th Cong., 2d Sess. 3 (1962); *see also Santa Fe Internat'l Corp.*, 580 F.Supp. at 29–30 (reviewing legislative history).

■ It is clear, then, that Congress did not intend to constrict a plaintiff's choice of venue under 28 U.S.C. § 1391(e)(4) in all cases which even peripherally involve real property. Rather, a plaintiff cannot rest venue in his place of residence only in those disputes which "center directly on the real property, as with actions concerning the right, title or interest in real property." *Natural Resources Defense Counsel v. Tennessee Valley Authority*, 340 F.Supp. 400, 406 (S.D.N.Y.1971), *rev'd on other grounds*, 459 F.2d 255 (2d Cir.1972).[5] Thus

---

2. As independent grounds for resting venue in this district, plaintiffs claim that defendants reside in the District of Columbia and that the cause of action also arose in the District. 28 U.S.C. § 1391(e)(1), (2) (1982). Yet plaintiff concedes that its assertion of venue is "based primarily on the residence of the plaintiff within the District of Columbia." Pltf.Opp. at 4.

3. For venue to be proper, only one of the plaintiffs need satisfy the residency requirement of

section 1391(e)(4). *Exxon Corp. v. FTC,* 588 F.2d 895, 898–99 (3d Cir.1978); *Santa Fe Internat'l Corp. v. Watt,* 580 F.Supp. 27, 29 n. 4 (D.Del.1984).

4. Act of Oct. 5, 1962, Pub.L. No. 87–748, § 2, 76 Stat. 744 (1962).

5. As the court in *Natural Resources Defense Council* astutely observed: "Gravity being what it is, the vast bulk of human activities take place on the face of the earth. Consequently, almost

courts have permitted parties to sue in the district of their residence when real property is only tangentially related to the dispute. *See, e.g., Santa Fe Internat'l Corp., supra* (involving oil and gas leases and lease applications); *Environmental Defense Fund v. Corps of Engineers,* 325 F.Supp. 728, 731–32 (E.D.Ark.1971) (suit to enjoin construction of a dam).

■ Upon thorough consideration of the language and history of section 1391(e), as well as the relevant case law, this court has concluded that no real property is "involved in the action" such that venue in this court is wanting. This case does not-involve disputed matters which are "recurrent but peculiar to certain areas, such as water rights, grazing land permits, and mineral rights." S.Rep. No. 1992, 87th Cong., *supra.* Nor will adjudication of this controversy require expertise in local Hawaiian property law. Rather, the case involves broad principles of federal constitutional law, and, in particular, an understanding of the Establishment Clause as it is applied in given contexts. Courts of this circuit have considerable experience with such matters. *See, e.g., United Christian Scientists v. Christian Science Bd. of Directors,* 829 F.2d 1152 (D.C.Cir.1987) (congressional grant of copyright to religious organization); *O'Hair v. Andrus,* 613 F.2d 931 (D.C.Cir.1979) (conducting papal Mass on the National Mall); *Allen v. Morton,* 495 F.2d 65 (D.C.Cir.1973) (maintenance of creche on public parkland); *Anderson v. Laird,* 466 F.2d 283 (D.C.Cir.1972) (construction of chapel at Naval Academy).

ORDERED that defendant's motion to dismiss for lack of proper venue is hereby denied, and it is

ORDERED that defendants shall file an answer or shall otherwise respond to plaintiffs' complaint within twenty (20) days after notice of the court's present order, in accordance with Rule 12(a) of the Federal Rules of Civil Procedure, and it is

FURTHER ORDERED that the parties appear at a status call on Thursday, November 19, 1987, at 9:30 a.m., Courtroom 12, United States District Court for the District of Columbia.

---

any dispute over public or private decisions will in some way 'involve real property,' taken literally. The touchstone for applying § 1391(e)(4) cannot sensibly be whether real property is marginally affected by the case at issue." 340 F.Supp. at 406.